UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE E. ROBERTSON** | CIVIL ACTION NO. 3:14-CV-00806-JWD-SCR |
| **VERSUS** | JUDGE JOHN W. DEGRAVELLES |
| **THE HOME DEPOT, INC.** | MAGISTRATE JUDGE STEPHEN C. RIEDLINGER |

**CONSENT MOTION FOR LEAVE TO FILE MOTION FOR
SUMMARY JUDGMENT IN EXCESS OF PAGE LIMITS**

NOW INTO COURT, through undersigned counsel, comes Defendant Home Depot U.S.A., Inc. ("Home Depot"), which hereby files this motion for leave to file its Motion for Summary Judgment in excess of the page limitations set forth in Local Civil Rule 7(g) of the Local Rules of the United States District Court for the Middle District of Louisiana, and respectfully show as follows:

1.

On December 29, 2014, Plaintiff filed a Complaint against Home Depot, alleging race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), retaliation in violation of Title VII and the ADEA, and retaliation for taking leave under the Family Medical Leave Act ("FMLA"). (Dkt. # 1). Plaintiff also alleges race discrimination in violation of 42 U.S.C. § 1981 and makes state law claims under Louisiana Civil Code articles 2315 and 2320. (Dkt. # 1).

**2.**

The parties have engaged in discovery, including depositions, and Home Depot is preparing to file a Motion for Summary Judgment on all of Plaintiff's claims. Pursuant to the Court's scheduling order, Home Depot must file its Motion for Summary Judgment on or before March 16, 2016. (Dkt. # 19).

**3.**

As outlined above, Plaintiff has stated a multitude of claims, including claims for race discrimination under Title VII and 42 U.S.C., § 1981, claims for gender discrimination under Title VII, claims for age discrimination under the Age Discrimination in Employment Act ("ADEA"), claims for retaliation under Title VII, 42 U.S.C. § 1981 and the ADEA, a claim for retaliation under the Family Medical Leave Act, and state laws claims for intentional infliction of emotional distress and under Louisiana Civil Code articles 2315 and 2320.

**4.**

Home Depot is finalizing a draft of its Motion for Summary Judgment and undersigned counsel has been as concise as possible in drafting it. Due to the multitude of claims filed by Plaintiff, excess pages are necessary to properly address all of those claims.

**5.**

As a result, Home Depot believes that an additional eight (8) pages (beyond the 20 pages allowed by the Local Rules) will allow if to fully present its arguments in support of its Motion for Summary Judgment and will benefit the Court in deciding the issues and the circumstances presented in this litigation.

**6.**

Undersigned counsel conferred with Plaintiff's counsel by email and telephone regarding Plaintiff counsel's consent to the filing of this motion on March 9, 2016. Plaintiff's counsel does not oppose this request for leave to file excess pages.

**7.**

Therefore, Home Depot respectfully requests that the Court grant this Motion for Leave to File Excess Pages and permits Home Depot to submit its Motion for Summary Judgment with eight (8) pages in excess of the page limitations found in Local Rule 7(g).

Respectfully submitted,

/s/ David K. Theard
JENNIFER F. KOGOS (LA #25668)
DAVID K. THEARD (LA #31987)
Jones Walker LLP
201 St. Charles Ave., 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8154
Facsimile: (504) 589-8154

*Counsel for Defendant,*
*Home Depot U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 9th day of March, 2016, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system.

/s/ David K. Theard
DAVID K. THEARD