UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAWRENCE E. ROBERTSON

CIVIL ACTION

v.

NO. 14-806-JWD-EWD

THE HOME DEPOT, INC.

RULING AND ORDER

This matter comes before the Court on the *Motion to Amend and Supplement Response Filed to Defendant's Motion for Summary Judgment* (Doc. 50) filed by Plaintiff Lawrence E. Robertson ("Plaintiff") and *Home Depot's Opposition to Plaintiff's Motion to Amend and Supplement Response to Motion for Summary Judgment and Request for Fees and Costs* (Doc. 57) filed by Defendant The Home Depot, Inc. ("Defendant"). Both motions are opposed. (Docs. 57 and 64.) Oral argument is not necessary. The Court has carefully considered the law, the record as a whole, and the arguments and submissions of the party and is prepared to rule. For the following reasons, both motions are granted in part and denied in part.

I.      Introduction and Procedural Background

On December 29, 2014, Plaintiff filed a Complaint against Home Depot, alleging race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), retaliation in violation of Title VII and the ADEA, and retaliation for taking leave under the Family Medical Leave Act ("FMLA"). (Doc. 1.) Plaintiff also alleges race discrimination in violation of 42 U.S.C. § 1981 and makes state law claims under Louisiana Civil Code articles 2315 and 2320. (Doc 1.)

Defendant answered the Complaint on May 19, 2015. (Doc. 14.) Defendant's Motion for Summary Judgment was filed on March 15, 2016. (Doc. 24.) The Court issued a briefing schedule on March 16, 2016 requiring Plaintiff to file his opposition within twenty-one (21) days.

On March 31, 2016, Plaintiff filed a consent Motion for Extension of Time to File Response to Motion for Summary Judgment (Doc. 29), in which Plaintiff requested an additional twenty-one (21) days to respond. That motion was granted, and Plaintiff was given until April 26, 2016, to file his response. (Doc. 30.)

On April 22, 2016, Plaintiff filed a second ex parte Motion for Extension of Time to File Response to Motion for Summary Judgment. (Doc. 32.) In this motion, Plaintiff requested an additional fourteen (14) days to respond. This motion was opposed. (Doc. 33.) The Court granted Plaintiff's motion, giving Plaintiff until May 10, 2016, to file his opposition. (Doc. 34.)

Plaintiff, however, did not file an opposition on or before May 10, 2016. Instead, he filed a Motion Requesting Permission to File Memorandum in Response to Motion for Summary Judgment in Excess of Page Limit, (Doc. 35),[1] which was granted on May 12, 2016. (Doc. 37.)

On May 11, 2016, the day *after* his opposition was due, Plaintiff filed yet another Motion for Enlargement of Time in Which to File Response to Motion for Summary Judgment. (Doc. 36.) In his memorandum supporting the motion, counsel for Plaintiff alleged that she had encountered computer filing problems and therefore requested an additional two days within which to complete the filing of her opposition. The Court granted Plaintiff's request for an additional two days. (Doc. 38.) Plaintiff's Response To Defendant's Motion for Summary Judgment was filed on May 13, 2016. (Doc. 39.) It should be noted that, in violation of this

---

[1] This motion was based on Plaintiff's belief that his brief would likely exceed the page limit set by local rules. However, no brief was actually filed.

Court's Local Rules (L. Civ. R. 56(b)), a separate statement of contested issues of material fact was not attached.[2]

On May 17, 2016, Plaintiff filed a Motion to Amend and Supplement Response Filed to *(sic)* Defendant's Motion for Summary Judgment. (Doc. 40.) In this pleading, Plaintiff asked for permission to add certain exhibits not previously attached for various reasons ranging from "identifying exhibits numerically rather than alphabetically", not "verifying hyperlinks were properly executed", problems scanning documents and physical symptoms causing her to move more slowly than normal and problems with perception. (*Id*.) On May 25, 2016, Home Depot filed a Reply Memorandum in Support of Motion for Summary Judgment. (Doc. 44.)[3]

On May 24, 2016, Defendant filed Home Depot's Motion to Strike Recordings Used in Opposition. (Doc. 42.) In the motion, defendants specifically moved to strike Docs. 39-13-16 (resubmitted as Docs. 40-1-4), on the basis that recorded conversations of current Home Depot employees had been taken without the knowledge or permission of counsel for Home Depot in violation of Louisiana Rules of Professional Conduct, rule 4.2 (and the comparable ABA model rule), that the statements had never been previously identified and were unsworn. (Doc. 42.) A separate briefing schedule was set for the Motion to Strike. (Doc. 43.) Plaintiff opposed the motion on June 14, 2016. (Doc. 59.) Defendant replied. (Doc. 62.)

On June 1, 2016, the Court held a status conference, and that status conference is critical to the instant motions. At this conference, the Court discussed with the parties the various

---

[2] Local Civil Rule 56(b) provides:

> **Opposition to Summary Judgment**. Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which the opponent contends there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this Rule.

[3] This pleading was substituted with permission of the court. (Docs. 46, 46.)

pleadings which had been filed and the circumstances surrounding same. Counsel for Plaintiff indicated that, for the reasons outlined in the Motion to Amend and Supplement (Doc. 40), there continued to be some confusion about the proper exhibits attached to that motion. Specifically, "[t]he Plaintiff advised in this conference that the current referenced exhibits attached to this motion, (Doc. 40) are incorrect." ((Doc. 48.) Plaintiff requested that she be given permission to substitute the correct exhibits. There was also some discussion about additional exhibits which Plaintiff wanted to submit in opposition to Defendant's summary judgment motion.

At the conference, the Court granted Plaintiff's Motion to Amend and Supplement (Doc. 40), and "granted [Plaintiff] leave to file [the] correct exhibits into the record, and the **Clerk of Court is directed to accept Plaintiff's substituted exhibits, which shall be filed on or before 5 PM on Monday, June 6, 2016."** (Doc. 48 (emphasis in the original).) While not specifically reflected in the minute entry (but implicit in the Court's ruling), the Court specifically stated that no new exhibits would be allowed to be filed by Plaintiff. In addition, "[P]laintiff was informed that no further extensions and no additional briefing will be authorized by this Court." (Doc. 48.)

The Court also advised the parties that it was considering Defendant's Motion to Strike. Also discussed at the status conference, although not reflected in the minute entry, was the Court's concern regarding Plaintiff's repeated motions for extension of various deadlines and the reasons expressed by counsel for Plaintiff in those motions. Specifically, the Court advised counsel for Plaintiff that if her personal and physical problems were preventing her from adequately representing her client, she should either get additional help or withdraw and allow another attorney to substitute for her client. She assured the Court that she understood.

Despite the Court's admonition to Plaintiff in its order of June 1, 201 that "no additional briefing will be authorized by this Court [on the pending motion for summary judgment],"on

June 6, 2016, Plaintiff made *eight* additional separate filings: first, a Notice of Filing Exhibits Manually in Clerk's Office (Doc. 49); second, a Motion to Amend Response in Opposition to Motion For Summary Judgment, (Doc. 50); third, Plaintiff's Amended and Supplemental Response to Defendant's Motion for Summary Judgment (Doc. 51.); fourth and fifth, two identical pleadings each entitled Motion and Notice of Impossible Condition (to which were appended seven attachments), (Docs. 52 and 53); and finally, three separate filings of additional exhibits, (Docs. 54, 55 and 56). Attached to Plaintiff's Motion to Amend Response in Opposition to Motion for Summary Judgment (Doc. 50) was a twenty-seven (27) page pleading entitled "The Plaintiff's Amended and Supplemental Statement of Controverted Material Facts." (Doc. 50-1.) Attached to Plaintiff's last filing was a duplicate of the supplemental and amending statement of controverted material facts (Doc. 51-1) and a Memorandum in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 51-2), twenty-three (23) pages long.

On June 7, 2016, Defendant filed a Memorandum in Opposition to Plaintiff's Motion to Amend and Supplement Response in Opposition to Motion for Summary Judgment, Motion to Strike and Motion for Fees and Costs. (Doc. 57.) A separate briefing schedule was ordered. (Doc. 58.) Plaintiff opposed the motion, (Doc. 63) and Defendant replied (Doc. 64.)

On August 22, 2016, Plaintiff filed a twenty-six (26) Response to the Defendant's Motion to Strike Recordings (Doc. 68).

On August 29, 2016, Plaintiff filed a Motion to Correct Record or in the Alternative Motion to Amend and Supplement Document (Doc. 69) seeking that the "trial court record be corrected to properly reflect the document and exhibits that [Plaintiff's] counsel filed on June 14, 2016." (Doc. 69 (citing Docs. 59, 60, and 61.)) In Plaintiff's memorandum in support, (Doc. 69-

1), counsel for Plaintiff further explained her difficulty in correctly uploading exhibits to her "timely response to Defendant's motion to strike recordings." (Doc. 69-1 at 1.) Plaintiff's counsel represented:

> Counsel believes that her computers have been hacked and that many of the anomalies that have occurred in filing documents with the Court, and accessing and attaching and emailing documents to opposing counsel has been compromised by outside parties. It has been only recently that counsel has had to spend hours (two hours or more) in uploading multiple documents to the Court's website. That had not been the case with filings made in previous years.

(Doc. 69-1 at 2.) Plaintiff's counsel also described other problems she has had in different cases. (*Id.*) Plaintiff's counsel concluded that she "made a valid attempt to file a proper response to the Defendant's motion[,] [but] [t]hat filing was marred by unusual buffering and a failure of the first filed portion of the response to 'register' and a failure of that document to be transmitted." (Doc. 69-1 at 3.) Plaintiff sought an opportunity to submit his evidence "despite the unusual internet problems that have besieged his counsel's computer." (Doc. 69-1 at 4.)

On August 29, 2016, Plaintiff also filed with his motion three separate docket entries (Docs. 70, 71, ad 72) consisting of "Additional Exhibits" to the Motion to Correct Record (Doc. 69). Plaintiff submitted a total of twelve (12) attachments in these three entries.

On August 31, 2016, the Court denied as moot the most recently filed Motion to Correct Record (Doc. 69). The Court also struck Docs. 70, 71, and 72 and removed them from the record "as they [were] already filed into the record and included as exhibits to document 68." (Doc. 73.)

## II.     The Parties' Arguments in the Instant Motions

### A. Plaintiff's Motion to Amend and Supplement Response Filed to Defendant's Motion for Summary Judgment (Doc. 50)

Plaintiff's argument is as follows:

> Pursuant to order of the Court [doc. text entry 41] the following audio recordings are filed conventionally: Exhibits L, M, N, and O. Additionally, pursuant to the grant of the Plaintiff's request during the status conference of June 1, 2016, to correct the exhibits filed with his response. The memorandum has been amended and supplemented to reflect the correction of the exhibits, and for the sake of clarity. The changes to the response neither expand nor narrow the arguments set forth. Corrections in punctuation, grammar and style were made on the following pages: 2, 3, 4, 5, 8, 9, 12, 13, 17, 18, and 20. Changes to the references to exhibits were made to the statement of controverted facts to cite the proper exhibits.

(Doc. 50 at 3.) Plaintiff attaches a twenty-seven (27) page document entitled "The Plaintiff's Amended and Supplement Statement of Controverted Material Facts." (Doc. 50-1).

### B. Home Depot's Opposition to Plaintiff's Motion to Amend and Supplement Response to Motion for Summary Judgment and Request for Fees and Costs

Defendant asserts that, at the June 1, 2016 in-person status conference, this Court granted Plaintiff's request to Amend and Supplement his Response to Home Depot's Motion for Summary Judgment by letting Plaintiff "file correct exhibits in to the record." (Doc. 58.) But, Defendants state, the Court "also made clear that 'no further extensions and no additional briefing will be authorized by this Court." (Doc. 48.) Defendants argue that, "[d]espite these clear directions and despite [the Court's] clear orders, Plaintiff's counsel filed yet another" motion to amend and supplement (Doc. 50). Defendants argue that, "[i]ncredibly," Plaintiff's counsel said that "[c]orrections in punctuation, grammar and style were made" to her response to the motion for summary judgment (Doc. 50) and the revised response was filed separately. (Doc. 57 at 1.) Defendant then asserts that Plaintiff filed the statement of contested facts "**for the first time**" and styled the document " 'Amended and Supplemental,' possibly in an effort to suggest to the Court she had previously filed such a pleading." (Doc. 57 at 1 (emphasis in original).)

Defendants argue that the Court "made clear" at the status conference that Plaintiff's counsel "was only allowed to correct the exhibits in her response to Home Depot's Motion for Summary Judgment" and that no further extensions of time or briefing would be allowed. (Doc.

57 at 2.) Defendant maintains that those instructions "fell on deaf ears," causing Defendant to "once again expend time and resources to response to the continue array of Plaintiff's counsel's baseless and order-defying pleadings." (Doc. 57 at 2.) Accordingly, Defendant seeks an order striking from the record Doc. 50-1 ("The Plaintiff's Amended and Supplemental Statement of Controverted Material Facts."); Doc. 51-1 (same); and Doc. 51-2 (Plaintiff's "Memorandum in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment"). Defendant also seeks costs and attorneys' fees incurred in responding to the instant motion.

### C. Plaintiff's Memorandum in Response to Opposition to Plaintiff's Motion to Amend and Supplement Response for Summary Judgment (Doc. 63)

Plaintiff recounts a different version of the June 1, 2016, status conference. Plaintiff states that, during that status conference, the Court advised Plaintiff's counsel that he would grant the Plaintiff's motion to amend and supplement his response to the Defendant's motion for summary judgment. The Court also said there would be no extension or briefing. Plaintiff asserts:

> At that point, counsel for Mr. Robertson stated that she had reviewed all document [sic] that had been filed, and realized that somehow duplicate filings of certain documents had occurred and that other documents had not been filed. Counsel for Mr. Robertson stated that she did not know how this had occurred. Counsel further stated that she wanted to ask that she be permitted to make the filing she had intended to file on May 13, 2016, because it was not fair to Mr. Robertson and the May 13, 2016, filing was not an adequate showing of his claims and defenses. Counsel also stated that she did not wish to submit documents she had not intended and attempted to file on behalf of Mr. Robertson on May 13, 2016. Counsel for Mr. Robertson also offered to deliver a copy of the intended filing to opposing counsel to assuage any qualms, if any, that the Defendant might have that the filing would be a new filing. This offer was not taken up by opposing counsel. Judge DeGravelles then ordered counsel to "get your papers together" and make the filing that she had just requested, and ordered that there would be no further extensions.

(Doc. 63 at 1–2.) Plaintiff's counsel claims that, between June 1 and June 6, 2016, she "methodically reviewed prior filings, her notation on the exhibits that she had intended to file and should have filed, downloaded the prior filing, printed out hard copies of the documents that should have been filed, and went about getting the documents together." (Doc. 63 at 2.) Plaintiff claims that, "The statement of uncontroverted facts was the same document she had intended to file on behalf of Mr. Robertson, but was not uploaded as counsel had thought it had been." (Doc. 63 at 2.)

Plaintiff then describes how, on June 6, 2016, she checked her email between 8:00 am and 9:00 a.m. She prepared the documents to be filed and labeled correctly by 1:30 p.m.. Her intention was to file the response at 5:00 p.m. so that, if any technical problems arose, she would have "sufficient time to make a complete filing of the response before midnight." (Doc. 63 at 2.)

Plaintiff's counsel then states that she had to file the audio recordings conventionally, so she "arranged for a cab arrive at 2:00 p.m. to take her to the courthouse." [sic] (Doc. 63 at 2.) Plaintiff attaches receipts from the cab. Prior to leaving, she checked her email and saw that the Court had issued an order at 10:00 a.m. on June 6 requiring Plaintiff to file his exhibits by 5:00 p.m. Plaintiff's counsel then states that she decided that, to make the deadline, she would take paper copies of her exhibits and scan them at the Clerk of Court to complete her filing that way. Plaintiff's counsel also brought her computer to access the PACER website and meet the deadline.

Plaintiff's counsel then describes her difficulty in filing at the courthouse. She explains that the scanner at the clerk's office "would not properly process the documents" and how she "asked for help from the deputy clerk, who attempted to feed the documents into the scanner." (Doc. 63 at 3.) Plaintiff's counsel accessed the Court's WIFI and, between 3:30 p.m. and 5:00

p.m., "attempted to upload documents to the Court's pacer site. Counsel repeatedly uploaded documents in sizes recommended by the JERS instructions. However, the documents would not process properly." (Doc. 63.) Plaintiff's counsel represents that the deputy clerk told her that the computer technician had informed the clerk about how the "Court's internet system was experiencing a slow down and that was the reason counsel had trouble uploading documents to the Court's pacer website." (Doc. 63 at 3.)

Plaintiff's counsel claims that, by 5:00 p.m., she had successfully uploaded only two documents. She states:

> Counsel contacted personnel in Judge DeGravelles' chambers twice and was instructed to do her best to comply with the order. Counsel did that, but the Clerk of Court's CM/ECF system was effectively closed to counsel, whether by scanning documents or uploading them with the use of her computer. The problem counsel encountered was not unlike the problems she had had in making filings to the Court's pacer website in the recent past. Counsel would like the Court to take note of the fact that counsel had made filings with another Court's website and had not experienced any problems. Counsel returned home and made the filings, without turning aside to do anything else until the entire filing had been made.

(Doc. 63 at 3.)

Plaintiff's counsel then offered an explanation for the several extensions of time she took in responding to the motion for summary judgment. Plaintiff stated:

> Those extensions arose primarily from counsel's need to take care of her mother, who has been enduring serious health issues following the three back surgeries she had to have nearly a year ago. Her mother's illnesses resulting from the necessary use of antibiotics., coming home and the need to be weaned off of pain killers and the resulting hallucinations, disabling physical side-effects, counsel's new caretaking duties and need to adjust to this new life caused counsel to have to request extensions in which to make adequate and proper filings on behalf of Mr. Robertson, while accommodating the needs of her mother.

> Finally, a spate of unexpected problems arose, counsel's phone of two years "bricking" and unexpected car troubles, counsel and her mother inexplicably experiencing hair loss, despite having different hair care habits and the need to

> seek medical attention for the problem being among them. Counsel had spent a few thousand dollars to repair her car and when new problems arose counsel decided to wait before spending any more money to make further repairs if any. Accordingly, the car counsel has been using is the car belonging to counsel's parents. That vehicle has regular tune ups and maintenance as recommended by the dealership, and the problems that arose with the vehicle were unexpected, but naturally affected counsel's ability to carry out work and personal tasks. The other reasons counsel sought extension in which to make filings are set forth in those motions. At no time did counsel seek extensions for any purpose other than to overcome the unpredictable and unexpected interference with her ability to complete the work necessary to represent Mr. Robertson.

(Doc. 63 at 3–4.)

Plaintiff argues that she attempted to comply with the Court's order to file by 5:00 p.m. but that she was unable to do so through no fault of her own. Plaintiff cites to case law saying that, when performance is impossible, a party should not be able to recover damages from a failure to perform. Plaintiff asserts that this theory applies to law suits and legal obligations.

Plaintiff then describes how all the exhibits he seeks to introduce are relevant, and, without them, Plaintiff will be denied his day in court, "not through the improvidence of his counsel, but because of unexpected and unpredictable circumstances[.]" Plaintiff concludes:

> In that the exhibits are relevant, as is Mr. Robertson's statement of uncontroverted facts, and in that the problems which arose in making timely and complete filings was not done in bad faith or through contrivance, the filing should be allowed, and the Defendant's request for fees and costs should be denied

(Doc. 63 at. 7.)

In support of her motion, Plaintiff attaches a receipt from the cab ride (Doc. 63-1) and instructions given to Plaintiff's counsel by the Clerk of Court regarding scanning of documents. (Doc. 63-2.)

### D. Home Depot's Reply Brief in Support of Motion to Strike and Motion for Fees and Costs (Doc. 64)

Defendant responds:

> The Court's Order of June 6, 2016 is clear. The Court allowed Plaintiff leave "to file correct exhibits in to the record, and **the Clerk of Court is directed to accept Plaintiff's substituted exhibits, which shall be filed on or before 5:00 p.m. on Monday, June 6, 2016**." (Dkt. #48, emphasis in original). This Order mirrored Judge deGravelles' instructions to Plaintiff's counsel at a conference on June 1, 2016. Nowhere in the Court's order, and at no time during the conference of June 1, 2016, did the Court grant leave to Plaintiff to make substantive amendments and additions to his opposition to Home Depot's Motion for Summary Judgment or to file a previously unfiled Statement of Uncontroverted Facts. However, Plaintiff's counsel did so, despite the Court's clear instructions on what she was allowed to do. Plaintiff counsel's statement that her previous filings were "not an adequate showing of his claims and defenses" are irrelevant. She had approximately two months to make filings with an "adequate showing of [Plaintiff's] claims and defenses."

(Doc. 64 at 1 (emphasis in original).) For these reasons, Defendant argues that (a) Docs. 50-1, 51-1, and 51-2 should be stricken, and (b) Defendant is entitled to its costs and attorney's fees incurred in responding to Plaintiff's motion. Defendant concludes, "Otherwise, Plaintiff's Opposition fails to address the points outlined in Home Depot's Motion, and no further reply is needed."

### III.  Analysis

#### A.  Striking the Plaintiff's Submissions

Having thoroughly reviewed the record and considered the parties' arguments and submissions, the Court finds that each motion should be granted in part and denied in part.  In sum, the statements of contested fact (Docs. 50-1, 51-1) should be stricken from the record, but the Plaintiff's revised memorandum in support (Doc. 51-2) should not.

Contrary to the Plaintiff's representations, the Court's instructions at the June 1, 2016, status conference were clear and unambiguous: counsel for the Plaintiff was allowed to "get the document's straight."  She was allowed until June 6, 2016, to get the documents *she already submitted or that she already referred to* entered into the record in a proper manner. However,

the Court specifically instructed plaintiff's counsel that she was not going to be allowed to file "new material." The Court said that was "not proper under the circumstances." Plaintiff's counsel was again instructed that she could get the documents straight and submit them in proper form so that they could be analyzed in the appropriate way by the Court.

The Court's June 6, 2016, minute entry was equally clear: "The Plaintiff [was] granted leave to file correct exhibits in to the record, and **the Clerk of Court is directed to accept Plaintiff's substituted exhibits, which shall be filed on or before 5:00 p.m. on Monday, June 6, 2016.**" (Doc. 48 (emphasis in original).) The minute entry continues: "Plaintiff was informed that no further extensions and no additional briefing will be authorized by this Court." (Doc. 48.)

Plaintiff's counsel violated this order. Plaintiff's counsel submitted in two separate filings identical statements of contested fact (Docs. 50-1 and 51-1). But the Plaintiff never previously filed such a document. Thus, without question, this document was not submitted "to get the record straight." This was additional briefing, in direct violation of the Court's minute entry.

Moreover, the Court is particularly troubled by other conduct by Plaintiff's counsel. As Defendant correctly notes, Plaintiff styled her statement of contested facts as "Amended and Supplemental," thereby representing to the Court that this was simply a changed version of something she had previously filed. Further, in the filings submitted in connection with the instant motion, Plaintiff presents a version of what transpired at the June 1, 2016, status conference that has little connection to reality.

These facts—the misleading title of the document and the misrepresentations in the instant briefs—lead the Court to conclude that the filing of Plaintiff's statement of contested facts was not a simple mistake; rather, it was a willful violation of the Court's order. This

finding is all the more troubling in view of how, as detailed in the above procedural history, the Court bent over backwards to help Plaintiff's counsel and gave her every conceivable opportunity to not let her problems, personal or professional, adversely impact her client's case.

Considering these misrepresentations and the record as a whole, the Court finds that the appropriate remedy is to strike the Plaintiff's statement of contested facts. (Docs. 50-1 at 51-1.) Additionally, given Plaintiff's counsel's misconduct, the Court further concludes that, pursuant to Local Civil Rule 56(b), "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion[.]"

However, Plaintiff's revised memorandum in opposition to the motion for summary judgment (Doc. 51-2) presents a different, closer question.  Though Plaintiff's original Memorandum in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 39-1) is substantially similar to the later filed memorandum in support (Doc. 51-2), the Court finds, on a cursory review, that there are a few substantive changes, despite Plaintiff counsel's representation that she made only "[c]orrections in punctuation, grammar and style" and that "[t]he changes to the response neither expand[ed] nor narrowed[ed] the arguments." (Doc. 50 at 3.)  These changes include:

- On page 5 of the original memorandum, Plaintiff referred to "apparent self-serving motives of David Gibson and Reggie Wells" (Doc. 39-1 at 5) whereas the later-filed document dropped the word "apparent."

- On page 8 of the second brief, Plaintiff writes, "Upper management determine that there had been no infraction by Ms. Cage or Mr. Robertson because, indeed, as Mr. Robertson had stated in his conversation and email Ms. Cage had followed company policy." (Doc. 51-2 at 8.)  But the original brief does not include the words "conversation and". (Doc. 51-2 at 8.)

- On page 17 of the later memorandum, Plaintiff writes, "The disciplinary action was also discriminatory and retaliatory in that it was the intention of the employer to 'hold open' the store manager position at the North Baton Rouge store for Mr. Michael

> Davidson, a white male." (Doc. 51-2 at 17–18.)  But the original memorandum omits the word "discriminatory and". (Doc. 39-1 at 18.)

While these differences are not as severe as the Defendant made them appear in its briefing, the bottom line is that Plaintiff's counsel still took advantage of the Court's willingness to allow her to make record-corrections.  Three changes may seem minor, but this is only what the Court found on a cursory review.  And neither defense counsel nor the Court should have to waste their time combing through the brief in detail to spot differences.  Furthermore, a knowing misrepresentation to the Court, even if on a "minor" matter, is of great concern to this Court.

Nevertheless, the Court finds that certain things mitigate against striking the entire revised memorandum.  In the new brief, the Plaintiff did make changes to the exhibits that were cited to support various factual assertions. (*Compare* Doc. 51- 2 at 2 *with* Doc. 39-1 at 2.)  The Court finds that Plaintiff's counsel could have reasonably interpreted the Court's instruction at the June 1, 2016, telephone conference as allowing her to cite to different exhibits that are already in the record.  Moreover, striking the entire revised brief would defeat the main purpose of granting the Plaintiff leave to correct record problems in the first place: making the Court's job easier to decide the pending motion for summary judgment.  Accordingly, the Court will not strike the revised brief in its entirety, though it will not consider any substantive changes.

However, as stated above, the Court specifically ordered that the Plaintiff could not submit new exhibits.  Thus, the Court will give the Defendant an opportunity to file a short brief (no longer than five (5) pages) noting any exhibits that were filed into the record by the Plaintiff on June 6, 2016, that were not previously filed into the record on or before May 17, 2016.  Plaintiff will have a chance to respond, in a brief not to exceed five (5) pages, by pointing to the specific place(s) in the record where such exhibit(s) was or were previously filed.  If the Court determines that the Plaintiff submitted new exhibits, it will strike such exhibits from the record

and not consider them. Further, the Court will entertain an additional motion for costs and attorney's fees by the Defendant to compensate it for the time and expense of determining which exhibits should not have been filed into the record.

### B. Awarding Costs and Attorney's Fees

In *Edens v. Brown*, 95 F.3d 54 (5th Cir. 1996) (unpublished per curiam decision), the Fifth Circuit affirmed the award of attorney's fees when an attorney made a remark during closing arguments that violated a prior order, thereby resulting in a mistrial. (*Id.*) In doing so, the Fifth Circuit explained:

> "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (international quotation marks omitted) (quoting *Anderson v. Dunn,* 6 Wheat. 204, 19 U.S. 204, 227, 5 L. Ed. 242 (1821)). Along that line, "the district court possesse[s] the inherent power to assess attorney's fees as sanctions for bad-faith conduct in litigation". *Citizens Bank & Trust Co. v. Case,* 937 F.2d 1014, 1023 (5th Cir. 1991). Among other things, "[a] court may assess attorney's fees as a sanction for the willful disobedience of a court order." *Chambers,* 501 U.S. at 45 (internal quotation marks omitted).

*Id.*

The Court recognizes that the imposition of sanctions is serious matter. The burden is of course high, and the Court must use restraint and discretion.

Nevertheless, the Court finds that an award of costs and attorney's fees is appropriate here. Despite the Court's clear and unambiguous instruction that no further briefing would be allowed, Plaintiff's counsel filed (a) a memorandum with some substantive changes and (b) for the first time, a statement of contested facts. While this conduct may not warrant sanctions in and of itself, the Plaintiff exacerbated the problem by falsely styling the statement of contested

facts "Amended and Supplemental" and by misrepresenting what happened at the June 1, 2016, conference.

The Court finds that this conduct was in bad faith and in willful disobedience of the Court's order.  As a result, sanctions are appropriate.

Accordingly, the Court will award $500.00 in attorney's fees and costs, representing (a) about 2.0 hours' worth of work, which the Court finds is a reasonable amount of time spent in reviewing Plaintiff's original motion and submissions, preparing the Defendant's motion, reviewing Plaintiff's response, and preparing a reply, and (b) work done at the rate of $250.00 per hour, which the Court finds reasonable for this locality and the type of work required for the instant motions.  In short, the Court finds this sanction reasonable and appropriate under the circumstances.  In fact, given Plaintiff's counsel's dereliction of duty and intentional misrepresentations to the Court, the Court finds this relatively minor sanction curbed.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that both the *Motion to Amend and Supplement Response Filed to Defendant's Motion for Summary Judgment* (Doc. 50) filed by Plaintiff Lawrence E. Robertson and *Home Depot's Opposition to Plaintiff's Motion to Amend and Supplement Response to Motion for Summary Judgment and Request for Fees and Costs* (Doc. 57) filed by Defendant The Home Depot, Inc. are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that The Plaintiff's Amended and Supplemental Statement of Controverted Material Facts (Docs. 50-1 and 51-1) are hereby **STRIKEN FROM THE RECORD.**

**IT IS FURTHER ORDERED** that, pursuant to Local Civil Rule 56(b), all material facts set forth in the Defendant's Statement of Uncontested Fact (Doc. 24-1) are, for purposes of the motion, **DEEMED ADMITTED**.

**IT IS FURTHER ORDERED** that the Court **WILL NOT STRIKE** Plaintiff's revised Memorandum in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 51-2).  However, the Court will give the Defendant until Tuesday, February 21, 2017, at 8:00 a.m. to file into the record a short brief (no longer than five (5) pages) identifying any exhibits that the Plaintiff filed into the record on June 6, 2016, that were not previously filed into the record on or before May 17, 2016, in violation of the Court's June 1, 2016, order.  Plaintiff shall have until Friday, February 24, 2017, at 5:00 p.m. in which to file a response no longer than five (5) pages.  Plaintiff must specifically identify by citation where in the record he previously filed such exhibits.  Any exhibits that were filed on June 6, 2016, that were not previously filed into the record on or before May 17, 2016, will be stricken and not considered in connection with the motion for summary judgment.  The Court will entertain a motion for costs and attorney's fees in connection with these submissions, but such motion must be filed separately from the brief describing the review of the exhibits.

**IT IS FURTHER ORDERED** that counsel for the Plaintiff, Marsha A. Willis, shall pay to Defendant $500.00 for the costs and attorney's fees incurred in responding to Plaintiff's motion and submitting its own.

Signed in Baton Rouge, Louisiana, on <u>February 17, 2017</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**